

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00310-CR

**IN RE** William B. **HANSON**, Jr.

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: April 29, 2026

PETITION FOR WRIT OF MANDAMUS DENIED

Relator, William B. Hanson, Jr., has filed a petition for writ of mandamus asserting that the trial court has failed to notify the Texas Department of Criminal Justice that an order nunc pro tunc has been granted, which provided corrections to his jail time credit. Hanson, who is proceeding pro se, has not furnished a record to support his allegations.

"It is relators' burden to bring forward an adequate record to show a right to relief." *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) ("A party seeking mandamus relief bears the burden of providing

---

[1]This proceeding arises out of Cause No. A20254, A2282, A24368, A24367, styled *The State of Texas v. William B. Hanson, Jr.*, pending in the 216th Judicial District Court, Kerr County, Texas, the Honorable Albert D. Pattillo, III presiding.

this court with a record sufficient to establish its right to relief."). A petition for writ of mandamus filed in an intermediate court of appeals must contain an appendix that includes "a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(l)(1)(B). It must also be accompanied by a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Hanson has not provided this court with a record sufficient to establish his claim for relief. Due to the lack of an adequate mandamus record, we are unable to determine whether the trial court abused its discretion. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH